UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

JAMILE HANKINS,

                Petitioner,   :   03 Civ. 5404 (WHP) (KNF)

       -against-   :   <u>MEMORANDUM AND ORDER</u>

JOSEPH T. SMITH, Superintendent
of Shawangunk Correctional Facility,

                Respondent.

------------------------------------------------------X

WILLIAM H. PAULEY III, District Judge:

      Jamile Hankins ("Hankins") filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By Report and Recommendation dated October 13, 2006 (the "Report"), Magistrate Judge Kevin N. Fox recommended that this Court deny the petition. Thereafter, Hankins filed objections. For the following reasons, this Court adopts Magistrate Judge Fox's well reasoned Report and denies the petition.

## BACKGROUND

      Following a jury trial in Bronx County, Hankins was convicted of burglary in the first degree, attempted robbery in the first degree, and four counts of assault in the first degree. (Report at 7.) The trial court sentenced Hankins to concurrent terms of 25 years for the burglary, 10 years for the attempted robbery, and 10 years on each of the assaults. (Report at 7.)

      Prior to trial, the Bronx County District Attorney's office notified Hankins that it would offer testimony that two victims, Mamaodou Sambakechi and Adama Sambakechi ("M. Sambakechi" and "A. Sambakechi" respectively), had identified Hankins at a line-up. (Report at

5.) However, the prosecutor was mistaken because A. Sambakechi had failed to identify Hankins in a line-up. (Report at 4.) The trial court held a <u>Wade</u> hearing to determine whether the line-up was unduly suggestive. The court denied Hankins' motion to suppress M. Sambakechi's line-up. (Report at 5.)

At trial, one of Hankins's accomplices testified that he and Hankins committed the robbery only after a third accomplice supplied them with firearms and a knife. (Report at 2, 21.) M. Sambakechi testified that Hankins placed a gun to his head and threatened to shoot him if he did not give Hankins and his accomplices money. (Report at 2-3, 21.) M. Sambakechi also testified that he was shot during the struggle. (Report at 3, 21.) A. Sambakechi testified that after the shooting, Hankins and his accomplices attempted to break down his bedroom door. (Report at 3, 21.)

Hankins moved to vacate his conviction, arguing that his trial counsel rendered ineffective assistance by failing to request a pretrial hearing pursuant to <u>People v. Rodriguez</u>, 79 N.Y.2d 445 (1992), and by failing to move to suppress A. Sambakechi's in-court identification. (Report at 9.) The trial court denied the motion, and the Appellate Division First Department denied leave to appeal. (Report at 9-10.)

Hankins then sought a writ of error <u>coram nobis</u> on the ground that his appellate counsel failed to argue insufficiency of the evidence to support convictions for first degree burglary or first degree assault. (Report at 10-11.) The Appellate Division First Department denied that application, and the Court of Appeals denied leave to appeal. (Report at 11.)

Hankins objects to the Report by asserting ineffective assistance of counsel both at trial and on appeal. Hankins claims his trial counsel failed to object to M. Shambakechi's

testimony that he knew Hankins from the neighborhood and that his counsel failed to object A. Shambakechi's in-court identification. Hankins also claims his appellate counsel failed to argue ineffective assistance of his trial counsel.

DISCUSSION

I. Standard of Review

The Court reviews the findings and recommendations of a magistrate judge and "may accept, reject, or modify [them], in whole or in part." 28 U.S.C. § 636(b)(1). The Court reviews de novo those parts of the Report to which objections are made, and reviews the remainder for clear error on the face of the record. 28 U.S.C. § 636(b)(1); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Where a state court has adjudicated the merits of a claim raised in a federal habeas corpus petition, a writ of habeas corpus may issue only if the state court's adjudication resulted in a decision that (1) "was contrary to . . . or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 364 (2000); Francis v. Stone, 221 F.3d 100, 107-08 (2d Cir. 2000).

A petitioner must exhaust all federal claims in state court prior to raising them on a habeas petition. Strogov v. Att'y Gen. of N.Y., 191 F.3d 188, 191 (2d Cir. 1999). "A petitioner has fairly presented his claim only if he has informed the state court of both the factual and the legal premises of the claim he asserts in federal court." Dorsey v. Kelly, 112 F.3d 50, 52

(2d Cir. 1997) (internal quotation marks and citations omitted).

II. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a defendant must show (1) that his trial counsel's "representation fell below an objective standard of reasonableness" and (2) that he was prejudiced by the deficient representation. Mosby v. Senkowski, 470 F.3d 515, 519 (2d Cir. 2006) (quoting Strickland v. Washington, 466 U.S. 668, 687-88 (1984)). To demonstrate prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Mosby, 470 F.3d at 519 (internal citations and quotations omitted). While the Sixth Amendment right to effective assistance of counsel also extends to a direct appeal, because appellate counsel must exercise judgment when determining which issues to raise on appeal, the failure to present every nonfrivolous argument on appeal does not constitute ineffective assistance. Jones v. Barnes, 463 U.S. 745, 751 (1983); Evitts v. Lucey, 469 U.S. 387, 395-96 (1985).

A. M. Shambakechi's Line-Up Identification

A Rodriguez hearing is required only if the prosecution claims that a Wade hearing is unnecessary because the witness had "sufficient familiarity with the defendant to eliminate the issue of police suggestiveness in the identification process." People v. Rodriguez, 593 N.E.2d 268, 272 (N.Y. 1992). Because the trial court held a Wade hearing, trial counsel's failure to seek a Rodriguez hearing cannot constitute ineffective assistance.

B. A. Shambakechi's Identification

A witness may provide an in-court identification of a defendant without having

4

previously identified the defendant in a line-up. United States v. Brown, 699 F.2d 585, 593-94 (2d Cir. 1983); People v. Madison, 8 A.D.3d 956, 957 (N.Y. App. Div. 2004) ("In cases where there has been no pretrial identification procedure and the defendant is identified in court for the first time, the defendant is not deprived of a fair trial because [defendant] is able to explore weaknesses and suggestiveness of the identification in front of the jury."). Accordingly, trial counsel's failure to object to A. Shambakechi's in-court identification because he had not been able to identify Hankins in a line-up did not constitute ineffective assistance.

Hankins argues for the first time in his objection to the Report that trial counsel was ineffective because he did not object to the in-court identification on the ground that it was impermissibly suggestive. Because Hankins did not raise this legal argument on his direct appeal, this Court cannot consider it. See Strogov, 191 F.3d at 191.

C. Appellate Counsel

"[A] conviction is constitutional if, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The standard "must be applied with explicit reference to the substantive elements of the criminal offence as defined by state law." Jackson, 443 U.S. at 324. Petitioner "bears a very heavy burden" in challenging the sufficiency of the evidence against him. Einaugler v. Sup. Ct. of State of N.Y., 109 F.3d 836, 840 (2d Cir. 1997).

Under New York law, burglary in the first degree is committed when a person "knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein, and when, in effecting entry or while in the dwelling or in immediate flight therefrom, he or

another participant in the crime . . . causes physical injury to any person who is not a participant in the crime." N. Y. Penal Law § 140.30(2). A person is criminally culpable for first degree assault when the he intends to cause serious physical injury to another person and, by means of a deadly weapon or a dangerous instrument, causes such injury to that person or a third person. N. Y. Penal Law § 120.10(1).

The jury learned from witness testimony that M. Sambakechi was shot after Hankins and his accomplices entered the Sambakechi residence to commit a robbery. Considering the facts in the light most favorable to the prosecution, a reasonable juror could conclude that Hankins shared his accomplices' intent to use a deadly weapon during the robbery. Therefore, the Court cannot conclude that appellate counsel "fell below an objective standard of reasonableness" when he failed to raise an insufficiency of the evidence argument on direct appeal.

## CONCLUSION

This Court adopts the thorough and well-reasoned Report of Magistrate Judge Kevin N. Fox. Accordingly, Hankins's petition is denied. The Clerk of the Court is directed to terminate all pending motions and mark this case as closed.

Dated: October 14, 2008
New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copies Mailed to*:

Mr. Jamile Hankins
#98-A-4240
Eastern Correctional Facility
P.O. Box 338
Napanoch, NY 12458
*Petitioner Pro Se*

Robert Johnson, Esq.
District Attorney, Bronx County
198 East 161st Street
Bronx, NY 10451
Attn: Joseph N. Ferdenzi, Esq.
    David S. Weisel, Esq.
*Counsel for Respondent*